UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HERSCHEL F.,[1]                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No. 1:22-cv-02218-SEB-MG
                                   )
MARTIN O'MALLEY Commissioner of the )
Social Security Administration,    )
                                   )
            Defendant.             )

## ORDER OVERRULING THE COMMISSIONER'S OBJECTION

This is an action for judicial review of the final decision of Defendant Commissioner

of Social Security ("Commissioner") finding Plaintiff Herschel F. ("Herschel F.") not enti-

tled to Social Security disability insurance benefits. This case was referred to Magistrate

Judge Garcia for initial consideration. On January 19, 2024, Magistrate Judge Garcia is-

sued a Report and Recommendation, recommending that the Administrative Law Judge's

("ALJ") decision denying Herschel F. benefits be reversed and the matter remanded for

further proceedings, pursuant to 42 U.S.C. § 405(g). This cause is now before the Court on

the Commissioner's Objections to the Magistrate Judge's Report and Recommendation.

Dkt. 16.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the rec-
ommendation of the Court Administration and Case Management Committee of the Administrative
Office of the United States courts, the Southern District of Indiana has opted to use only the first
name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

## STANDARD OF REVIEW

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or was the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368–69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Our review of the ALJ's decision does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party objects to specific elements of a magistrate judge's report and recommendation, the district court conducts a *de novo* review to determine for itself whether the Commissioner's decision was supported by substantial evidence or, rather, was the result of an error of law. Fed. R. Civ. P. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A.*

*Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009). We have followed those guidelines in conducting this review.

## BACKGROUND[2]

Plaintiff Herschel F. applied for disability insurance benefits ("DIB") in February 2020, alleging an onset date of April 19, 2019. Dkt. 6-5 at 2–3. Following the familiar five-step sequential evaluation process, the ALJ concluded at Step One that Herschel F. had not engaged in substantial gainful activity since his alleged onset date of April 19, 2019. At Step Two, the ALJ determined that Herschel F. had the following severe impairments: spinal arthritis, osteoarthritis, cervical radiculopathy, migraine headaches, degenerative disc disease of the cervical spine, and carpal tunnel syndrome and neuropathy in the right upper extremity. The ALJ found at Step Three that no listings were met or medically equaled the severity of any listed impairments. Before Step Four, the ALJ determined that Herschel F. had the residual functional capacity ("RFC") to perform "light work," except as follows:

> [T]he claimant can never climb  ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; occasionally handle and finger with the right dominant upper extremity; frequently handle and finger with the left upper extremity; frequently reach in all directions and push and pull an operate hand controls with the bilateral upper extremities; must avoid concentrated exposure to vibration; and must avoid all exposure to work place hazards such as unprotected heights and dangerous moving machinery.

Dkt. 6-2 at 19.

---

[2] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

Based on this RFC, the ALJ found at Step Four that Herschel F. was unable to perform any past relevant work as a materials handler. Lastly, at Step Five, the ALJ determined that Herschel F. is capable of successfully adjusting to other work that exists in significant numbers in the national economy, such as counter clerk, information clerk, or usher. Accordingly, the ALJ found that Herschel F. was not disabled at any time between his alleged onset date of April 19, 2019, through the date of the ALJ's decision on March 16, 2022.

In Magistrate Judge Garcia's Report and Recommendation, he recommended that the case be reversed and remanded for further consideration, in relevant part, because the ALJ failed to fill the gap between the severe migraine determination and the corresponding RFC limitation to avoid concentrated exposure to vibration. R. & R. 7, dkt. 15. Further, Magistrate Judge Garcia held that the ALJ erred in failing to account for migraine limitations regarding time off-task and/or absences. *Id.* at 9.

The Commissioner timely objected to the Magistrate Judge's Report and Recommendation, contending that the ALJ's subjective assessment was not "patently wrong" as is required for reversal.[3] More specifically, the Commissioner argues that requiring the ALJ "to explain why no further limits were needed" improperly shifts the claimant's burden of proving his work limits to the ALJ. Comm'r Obj. 2, dkt. 16. Herschel F. has filed no response, and the time for doing so has passed. The Commissioner's objection awaits our ruling.

---

[3] The Commissioner does not object to the remaining portions of the Report and Recommendation; thus, we limit our discussion to the issues raised in the Commissioner's objection.

## DISCUSSION

By definition, a medically determinable severe impairment significantly hinders a claimant's ability to perform mental or physical work tasks. *Gregory B. v. Saul*, No. 2:19-cv-184, 2020 WL 995828, at *8 (N.D. Ind. Mar. 2, 2020) (citing 20 C.F.R. § 404.1520(c)). As such, ALJs must tailor work-related functional restrictions to a claimant's severe impairments, and they must take care to build a logical bridge to explain their determination. *Spicher v. Berryhill*, 898 F.3d 754, 757 (7th Cir. 2018). Unless the ALJ provides some minimal level of articulation of her assessment, a reviewing court cannot readily conclude that the ALJ's decision was supported by substantial evidence. *See Look v. Heckler*, 775 F.2d 192, 195 (7th Cir. 1985).

Here, the ALJ listed Herschel F.'s migraine headaches as a severe impairment but later explained that his migraine headache disorder did not exhibit equivalent signs and limitations to those detailed in Listing 11.02. Dkt. 6-2 at 19. The ALJ recounted Herschel F.'s hearing testimony, where he described having "a constant headache/migraine on a daily basis." *Id.* at 20. The ALJ also noted that the opinions of state medical consultants Drs. M. Ruiz, M.D. and Shayne Small, M.D. "did not adequately consider the limitations caused by the claimant's right upper extremity issues or migraines." *Id.* at 23. Thus, the ALJ regarded those opinions as "somewhat persuasive" and included "additional restrictions" in the RFC. *Id.* Ultimately, the ALJ accommodated Herschel F.'s migraine headaches with the following RFC limitation: "In consideration of his musculoskeletal impairments, migraine headaches, and the non-severe impairments, the claimant must avoid concentrated exposure to vibration." *Id.* at 24. Relatedly, due to the possible side effects of Herschel F.'s pain

5

medications, the ALJ restricted him from "all exposure to work place hazards such as un-protected heights and dangerous moving machinery." *Id.*

On review before the Magistrate Judge, Herschel F. argued that the RFC limitations did not accommodate his recurring migraines, as reflected in the record, and that the ALJ failed to explain why no additional limitations for off-task time and absenteeism were nec-essary. The Magistrate Judge agreed with Herschel F., explaining that the ALJ cited no evidence suggesting vibration was at all relevant to Herschel F.'s migraines. The Magistrate Judge further noted that the ALJ failed to determine whether it was reasonable to conclude that Herschel F. suffered daily headaches and, if so, what effects those daily headaches might have on his off-task time.

We agree with the Magistrate Judge that the ALJ's opinion did not adequately fill the gap between finding a severe migraine headache impairment and the corresponding limitation of avoiding concentrated exposure to vibration. In restricting Herschel F.'s ex-posure to vibration, the ALJ cited no evidence that exposure to vibration triggered or exac-erbated Herschel F.'s headaches, nor did she explain why avoiding exposure to vibration was the only limitation that Herschel F. would require. Insofar as the ALJ did not credit Herschel F.'s migraine headaches with limits for being off task or absent from work, we agree with the Commissioner that "the ALJ was only required to incorporate limitations that she found supported by the evidence." Comm'r Obj. 3, dkt. 16 (quoting *Alvarado v. Colvin*, 836 F.3d 744, 751 (7th Cir. 2016)) (alterations omitted). Nevertheless, the problem remains that the ALJ here never did identify any evidence to support her conclusion that avoiding exposure to vibration adequately addressed Herschel F.'s migraine headaches.

Though the ALJ found that the objective medical evidence only "partially substan-tiate[d]" Herschel F.'s subjective allegations, dkt. 6-2 at 20, it was she who described Her-schel F.'s migraine headaches as a severe impairment and concluded that additional work-place limitations were necessary. The record before us supports the ALJ's finding that Her-schel F. suffers from severe migraine headaches; however, there is no evidence that the migraine symptoms are triggered by vibration, never mind that avoiding vibrational irri-tants, alone, somehow prevents or ameliorates Herschel F.'s migraines. In that regard, the administrative decision leaves us "to speculate as to the basis for the RFC limitations"—which, alone, counsels remand. *Moore v. Colvin*, 743 F.3d 1118, 1128 (7th Cir. 2014).

Accordingly, we cannot discern whether the ALJ's decision was, in fact, supported by substantial evidence, nor has our review of the record readily revealed such an answer. *See id.* "It is not a court's role to displace an ALJ's judgment by making our own findings about the facts, but we cannot uphold an administrative determination that failed to explain the outcome adequately." *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021).

As aptly stated by the Commissioner, the ALJ does not bear the burden of establish-ing a claimant's disability, but this principle does not free ALJs of their responsibility to explicate their decisions. *See Moore*, 743 F.3d at 1122 (remanding for ALJ's failure to link conclusory statements with objective evidence in the record); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) (remanding for ALJ's failure to discuss how claimant's head-aches affected her ability to work); *Lashaun B. v. Saul*, No. 2:19-cv-38, 2019 WL 6112561, at *7 (N.D. Ind. Nov. 18, 2019) (remanding for lack of "logical connection" between claim-ant's severe headaches and RFC limitations). Where, as here, such explanation is entirely

7

absent, the matter "must be remanded for the ALJ to articulate with clarity the limitations related to the impairments," as supported by the administrative record. *Moore*, 743 F.3d at 1128.

## CONCLUSION

For these reasons, the Commissioner's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. Accordingly, the Magistrate Judge's Report and Recommendation, dkt. 15, is hereby **ADOPTED**. This matter is **REVERSED** and **RE-MANDED** to the ALJ for further consideration of Herschel F.'s severe impairment of migraines in connection with his RFC.

IT IS SO ORDERED.

Date:

_____3/13/2024_____

*Sarah Evans Barker*
_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Catherine Seagle
Social Security Administration
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
Hankey Marks & Crider
kwold@hankeylaw.com